IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| HAROLD ANDERSON, | ) Civil Action No. 4:08-1108-TLW-TER |
| Plaintiff, | ) |
| v. | ) |
| | ) REPORT AND RECOMMENDATION |
| SOUTH CAROLINA DEPARTMENT OF CORRECTIONS; JON OZMINT, IN HIS INDIVIDUAL CAPACITY; DORIS P. POOLE, IN HER INDIVIDUAL CAPACITY; DAVID M. TATARSKY, IN HIS INDIVIDUAL AND OFFICIAL CAPACITY, | ) |
| Defendants. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Harold Anderson, filed this action under 42 U.S.C. § 1983[1] on April 3, 2008, alleging violations of his constitutional rights. At the time of filing the complaint, plaintiff was a prisoner within the South Carolina Department of Corrections (SCDC), but has since been released. Defendants filed a motion for summary judgment on July 24, 2008, along with a memorandum and exhibits in support of said motion. (Document #24). Because plaintiff is proceeding pro se, he was advised on or about July 25, 2008, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendants' motion for summary judgment with additional evidence or counter affidavits could result in the dismissal of his complaint. The plaintiff filed a response to

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

the motion for summary judgment on August 29, 2008. (Doc. #30).

## II.  DISCUSSION

### A.  ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

Plaintiff pleaded guilty in state court to drug distribution charges on October 4, 2004.[2] Plaintiff was sentenced to concurrent terms of ten years, suspended upon the service of one year home incarceration and three years probation for distribution of cocaine, and ten years suspended during probation for distribution of cocaine within proximity of a school. On July 22, 2005, plaintiff's probation and suspended sentence were revoked, and he was ordered to serve six years of the original ten year sentence. Plaintiff filed state court post-conviction relief proceedings to challenge the probation revocation, but did not prevail.

The named defendants are the SCDC, Jon Ozmint who was the Director of the South Carolina Department of Corrections, Defendant Doris P. Poole who was Chief of Classification of the South Carolina Department of Corrections, and Defendant David M. Tatarsky who was General Counsel of the South Carolina Department of Corrections at the time of the allegations in the complaint. (See defendants' answer to the complaint). Plaintiff appears to attempt to assert an Eighth Amendment violation by alleging that the SCDC's General Counsel committed "fraud" in connection with a state court case by failing to inform the state court that SCDC records were

---

[2] The brief factual background of plaintiff's state criminal proceedings, probation revocation and post-conviction actions is taken from previous orders of this court in the numerous cases filed by plaintiff. For example, the case numbers for over seven cases are: 9:08-741; 9:08-742; 9:08-743; 9:08-744; 9:08-745; 9:08-746; 9:08-818, 9:08-741. A district court may take judicial notice of materials in the court's own files from prior proceedings. United States v. Parker, 956 F.2d 169, 171 (8th Cir.1992) (the district court had the right to take judicial notice of a prior related proceeding); *See also* Fletcher v. Bryan, 175 F.2d 716 (4th Cir.1949).

2

inaccurate in some respect. Further, it appears plaintiff attempts to allege that the SCDC records show the wrong date of conviction for the charge for which he is currently confined, and that defendant Poole did not inform the "defendants in Greenville County as of her official duty as chief of classification in Columbia that the crime date in her files read March 11, 2004, on inmate Harold Anderson for violation of house arrest." (Complaint p. 9, doc. 1-4). Plaintiff alleges that he has suffered emotional and mental damage. Plaintiff seeks compensatory damages, punitive damages, and injunctive relief.

Defendants filed a motion for summary judgment asserting Eleventh Amendment, no evidence of a constitutional violation under the Eighth Amendment, qualified immunity, and that any claims for an action in tort is barred by the South Carolina Tort Claims Act.

## B.  STANDARD FOR SUMMARY JUDGMENT

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with "specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S.

3

317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. FAILURE TO STATE A CLAIM

Plaintiff submitted a total of approximately 48 hand written pages of which a seventeen-page document is deemed a complaint in this case with three hand written attachments to the complaint some titled "state of claims continued" which are a conglomeration of narratives with little factual information or facts that convey how the defendants have violated a constitutional right. For example, in the complaint, plaintiff states the following, *quoted verbatim* in part:

> The defendant John Ozimint delberate [sic] and intentionally accepted the files from the defendants in the State of South Carolina in Green County on Plaintiff Harold Anderson at the South Carolina Department of Corrections 444 Broad River Columbia South Carolina 29221 for which in incarceration of In. (SCDC) for indictment #06986 and 06985 and had complete knowdgled [sic] of facts contained therein.

(Complaint at 2-3).

> The defendant John Ozimint the Director of the South Carolina Department of Corrections has committed wrong under the color of

4

>law to cause the plaintiff Harold Anderson defamate of character and violated fundamental principles of fairness . . .

(Complaint at 5).

>The defendant Miss Doris P. Poole had complet knowgled of the entire file at the time for which I'm incarceration for In (SCDC) as of now. And there she had ample knowgled of the entire situation even when I was at Broad River Correctional Institution . . . the defendant Miss Doris P. Poole deliberate and intentionally failed to report back to the defendants in Greenville County as of official duty as chief of classification in Columbia that the crime date in her files read March 11, 2004 on Inmate Harold Anderson for violation of House Arrest, the home incarceration program HIP House Arrest for Indictment #06986 and Indictment #06985 for Distribution of Crack Cocaine and Distribution of Cocaine within proximity of a school and even when I was at Broad River Correction Institution for short time offenders in the stop programah for the ankle bracelet violation date stated October 13, 2004 and failed to report it to the apporáty authority as well. . . . has cause plaintiff Harold Anderson defamate of character emotionally pain and suffering.

(Complaint at 8-10).

Additionally, plaintiff alleges that defendant Tatarsky is the staff attorney for the SCDC and he "neglect duty as and public official. . . for failer to report to the appropriate authority at a reasonable time frame that the information they received at the office of General Counsel on November 1, 2004 on inmate Harold Anderson at the office of General counsel was inaccurate for inmate Harold Anderson to be housed in the South Carolina Department of Corrections." (Attachment to complaint, doc. #1-9 at 1).

The complaint's general claim of rights being violated does not state a claim under §1983. Although the Court must liberally construe the pro se complaint, plaintiff must do more than make mere conclusory statements to state a claim. Brown v. Zavaras, 63 F.3d 967 (10th Cir.1995); Adams v. Rice, 40 F.3d 72 (4th Cir.1994); White v. White, 886 F.2d 721, 723 (4th Cir.1989) (complaint

5

dismissed because "failed to contain any factual allegations tending to support his bare assertion"). The United States Supreme Court discussed pleading requirements in Erickson v. Pardus, --- U.S. ----, 127 S.Ct. 2197, 2200, 167 L.Ed.2d 1081 (2007), stating that

> Federal Rule of Civil Procedure 8(a)(2) requires only a short and plain statement of the claim showing that the pleader is entitled to relief. Specific facts are not necessary; the statement need only give the defendant fair notice of what the claim is and the grounds upon which it rests.

The Supreme Court further instructs that "a plaintiff's obligation to provide the 'grounds' of his 'entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atlantic Corp. v. Twombley v., --- U.S. ----, 127 S.Ct. 1955, 1974, 167 L.Ed.2d 929 (2007). While plaintiff is not required to plead facts sufficient to prove his case as an evidentiary matter in the complaint, he must allege facts that support a claim for relief. Bass v. Dupont, 324 F.3d 761, 765 (4th Cir.2003). This Court is not required to develop tangential claims from scant assertions in the complaint. *See* Beaudett v. City of Hampton, 775 F.2d 1274 (4th Cir.1985). The complaint fails to state a claim upon which relief may be granted under §1983.[3] Thus, it is recommended that summary judgment be granted in defendants' favor.

### D. ELEVENTH AMENDMENT IMMUNITY

Defendants argue that plaintiff's claims against the South Carolina Department of

---

[3] Plaintiff has failed to comply with the requirements for "short and plain" statements of claims under Rule 8 of the Federal Rules of Civil Procedure (Fed. R. Civ. P.) as well as the requirements for "concise summary," "concise statement," and "brevity" set forth in Local Civil Rule 7.05 of the United States District Court for the District of South Carolina. Plaintiff submitted over 40 pages in the filing of his initial complaint. Additionally, Rule 56 does not impose upon the court a duty to sift through the record in search of evidence to support a litigant's arguments. Forsyth v. Barr, 19 F.3d 1527, 1537 (5th Cir.1994)

Corrections (SCDC) and defendants Ozmint, Tatarsky, and Poole are barred by the Eleventh Amendment. The undersigned agrees. Therefore, even if plaintiff had sufficiently stated a claim under §1983 in this case, the defendants are immune from suit.

Defendant South Carolina Department of Corrections, SCDC, is immune from suit under the Eleventh Amendment of the United States Constitution. The Eleventh Amendment divests this court of jurisdiction to entertain a suit brought against the State of South Carolina or its integral parts, such as a State agency or department. The Eleventh Amendment provides: "the Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by citizens of another State or by citizens or subjects of any foreign State."Fleming v. South Carolina Dept. of Corrections, 2007 WL 2351005 (D.S.C. August 14, 2007). In enacting §1983, Congress did not intend to override the doctrine of States' sovereign immunity found in the Eleventh Amendment. Will v. Michigan Dep't of State Police, 491 U.S. 58, 67, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989).

When a defendant is sued in his or her official capacity, the suit is frequently intended as one against the state, the real party in interest. If review of the pleadings indicates that the state is, in fact, the party being sued, then a judgment awarding damages is precluded by the Eleventh Amendment of the United States Constitution. Although declaratory and/or injunctive relief may be granted, damages may not be awarded against the state.

In the case of Will v. Michigan Department of State Police, supra, the Supreme Court analyzed the interplay between § 1983 and the Eleventh Amendment of the Constitution and stated:

> Section 1983 provides a federal forum to remedy many deprivations of civil liberties, but it does not provide a federal forum for litigants who seek a remedy against a State for alleged deprivations of civil liberties. The Eleventh Amendment bars such suits unless the State has waived its immunity (cites

>omitted) or unless Congress has exercised its undoubted power under § 5 of the Fourteenth Amendment to override that immunity.

The Eleventh Amendment immunity granted to the states "applies only to States or governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes," but the court found that state agencies, divisions, departments and officials are entitled to the Eleventh Amendment immunity. Will, supra at 70. In reaching this conclusion, the court held that a suit against state officials acting in their official capacities is actually against the office itself, and therefore, against the state. State officials may only be sued in their individual capacities.

There is no dispute that the defendants were employees of the SCDC and, thus, state officials acting in their official capacity while employed by the SCDC. Therefore, they are entitled to Eleventh Amendment immunity from monetary damages.

Accordingly, it is recommended defendants' motion for summary judgment be granted with respect to this issue as the defendants are entitled to Eleventh Amendment immunity.

### E. INJUNCTIVE RELIEF

Moreover, to the extent plaintiff is requesting injunctive relief, his request is moot in that he has been released. Claims for injunctive and declaratory relief become moot when a prisoner is no longer subjected to the condition complained of. Williams v. Griffin, 952 F.2d 820, 825 (4th Cir. 1991); Ross v. Reed, 719 F.2d 689, 693 (4th Cir. 1983).

### F. QUALIFIED IMMUNITY

Defendants argue in their motion for summary judgment that even if plaintiff were able to

8

establish a claim, they would still be entitled to qualified immunity as they acted in conformity with state law.

When a person is sued in his individual capacity, the court may consider whether that person is entitled to immunity from suit. Immunity is a defense to be asserted by the defendant and the burden of proving entitlement to immunity rests with the defendant asserting it. Once asserted, however, the court should carefully consider whether the person is entitled to either absolute immunity (judicial and quasi-judicial, legislative) or qualified immunity. Once raised, immunity is a threshold issue, which should be addressed early in the action because if it can be shown to be a valid defense, the defendant is entitled to dismissal or summary judgment. For that reason, the issue of immunity should be addressed before discovery is allowed.

> The doctrine of qualified immunity attempts to reconcile two potentially conflicting principles: the need to deter government officials from violating an individual's federal civil rights and the need for government officials to act decisively without undue fear of judicial second guessing.

Akers v. Caperton, 998 F.2d 220, 225-26 (4th Cir. 1993).

The Supreme Court in Harlow v. Fitzgerald, 457 U.S. 800 (1982), established the standard which the court is to follow in determining whether defendant is protected by this immunity.

> Government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known.

Harlow, 457 U.S. at 818.

In a discussion of qualified immunity, the Court of Appeals for the Fourth Circuit stated:

> Qualified immunity shields a governmental official from liability for civil monetary damages if the officer's "conduct does not violate

> clearly established statutory or constitutional rights of which a reasonable person would have known." "In determining whether the specific right allegedly violated was 'clearly established,' the proper focus is not upon the right at its most general or abstract level, but at the level of its application to the specific conduct being challenged." Moreover, "the manner in which this [clearly established] right applies to the actions of the official must also be apparent." As such, if there is a "legitimate question" as to whether an official's conduct constitutes a constitutional violation, the official is entitled to qualified immunity.

<u>Wiley v. Doory</u>, 14 F.3d 993 (4th Cir. 1994) (internal citations omitted), <u>cert. denied</u>, 516 U.S. 824 (1995). As discussed above, the plaintiff fails to show that the defendants violated any of his clearly established constitutional or statutory rights. Therefore, defendants are entitled to qualified immunity in their individual capacity. Thus, the undersigned recommends that the defendants' motion for summary judgment be granted on this issue.

### G.  PENDENT JURISDICTION

Assuming plaintiff's § 1983 claim is dismissed by this Court and plaintiff's complaint somehow can be conceived to state an additional claim for relief under any state common law theory, the undersigned concludes that such claim(s), if any, ought to be dismissed as well for want of jurisdiction. Specifically, this Court can decline to continue the action as to the pendent claims if "the district court has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c).

### III.  CONCLUSION

Based on the above reasoning, it is RECOMMENDED that defendants' motion for summary

judgment (doc. #24) be GRANTED and this claim dismissed.

Respectfully Submitted,

s/Thomas E. Rogers, III
Thomas E. Rogers, III
United States Magistrate Judge

February 19, 2009
Florence, South Carolina

**The parties' attention is directed to the important notice on the next page.**